Daniel J. Wadley (10358)
wadleyd@sec.gov
Tanya Beard (9106)
beardt@sec.gov
Attorneys for Plaintiff
Securities & Exchange Commission
351 S. West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel.  801-524-5796
Fax: 801-524-3558

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>AVANTI CAPITAL PARTNERS, LLC, a Utah Limited Liability Company, HIGHLAND RESIDENTIAL, LLC, a Utah Limited Liability Company, and IVAN WADE BROWN, an individual,<br><br>DEFENDANTS. | **DEFAULT AND FINAL JUDGMENT AGAINST AVANTI CAPITAL PARTNERS, LLC AND HIGHLAND RESIDENTIAL, LLC**<br><br>Civil No.:  2:12-cv-00788-TC-EJF<br><br>Judge Tena Campbell<br><br>Magistrate Judge Evelyn Furse |

The Court, having reviewed the Securities and Exchange Commission's ("Commission") Motion for Default and Final Judgment against defendants Avanti Capital Partners, LLC and Highland Residential, LLC (collectively "Defendants") and for good cause appearing, makes the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT OF FACTS**

1. The Commission filed a Complaint against Defendants on August 13, 2012.  Docket No. 2.

2. On August 29, 2012, Defendants waived service of the Complaint.  Docket No. 3.

3. On August 7, 2013, the Commission submitted a Motion for Order to Show Cause and Memorandum in Support Why Default Judgment Should Not Be Entered against Defendants Avanti Capital Partners, LLC and Highland Residential, LLC.  Docket No. 44.

4. On December 11, 2013, the Court entered default against Defendants Avanti Capital Partners, LLC and Highland Residential, LLC.  Docket No. 67.

5. To date, Defendants have failed to file a response to the allegations contained in the Commission's August 13, 2012, Complaint.

6. No stipulation for an extension of time was entered into between the Commission and Defendants allowing further time in which to respond to the Complaint.

7. Defendants are not infants or incompetent. Docket No. 2 at ¶¶ 11-12.

## CONCLUSIONS OF LAW

Defendants committed the violations charged in the Commission's Complaint filed on August 13, 2012 and therefore:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are, jointly and severally, liable for disgorgement of $3,995,531, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,913,222.99 for a total of $5,908,753.99.  Defendants shall satisfy this obligation by paying $5,908,753.99 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Avanti Capital Partners, LLC and/or Highland Residential, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Avanti Capital Partners, LLC shall pay a civil penalty in the amount of $  None    to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act.  Defendant Avanti Capital Partners, LLC shall make this payment within 14 days after entry of this Final Judgment.

Defendant Avanti Capital Partners, LLC may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant Avanti Capital Partners, LLC may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Avanti Capital Partners, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Avanti Capital Partners, LLC shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant Avanti Capital Partners, LLC relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Avanti Capital Partners, LLC.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant Avanti Capital Partners, LLC shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Highland Residential, LLC shall pay a civil penalty in the amount of $ None to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act.  Defendant Highland Residential, LLC shall make this payment within 14 days after entry of this Final Judgment.

Defendant Highland Residential, LLC may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant Highland Residential, LLC may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center

Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Highland Residential, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Highland Residential, LLC shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant Highland Residential, LLC relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Highland Residential, LLC. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant Highland Residential, LLC shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: September 30, 2014

*Tena Campbell*
UNITED STATES DISTRICT JUDGE